# UNITED STATES DISTRICT COURT

NORTHERN  DISTRICT OF  ILLINOIS, EASTERN DIVISION

UNITED STATES OF AMERICA

v.

James Faris

**MAGISTRATE JUDGE COLE**

**CRIMINAL COMPLAINT**

FILED
NOV 28 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

CASE NUMBER:

07CR 781

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about February 6, 2006, in Will County, in the Northern District of Illinois defendant,

by force and violence, and by intimidation, did take from the person and presence of a bank teller, approximately $11,793 in United States currency, belonging to and in the care, custody, control, management and possession of Founder's Bank, 23840 West Eames Road, Channahon, Illinois, the deposits of which were then insured by the Federal Deposit Insurance Corporation;

in violation of Title 18, United States Code, Section 2113(a).

I further state that I am a Special Agent with the Federal Bureau of Investigation and that this complaint is based on the following facts:

**See attached affidavit**

Continued on the attached sheet and made a part hereof: **X** Yes ___ No

Brian Wentz, Special Agent
Federal Bureau of Investigation

Sworn to before me and subscribed in my presence,

November 28, 2007                              at           Chicago, Illinois
Date                                                             City and State

Jeffrey Cole, MAGISTRATE JUDGE
Name & Title of Judicial Officer                         Signature of Judicial Officer

STATE OF ILLINOIS    )
                     )    SS
COUNTY OF COOK       )

I, Brian Wentz, being duly sworn, depose and state as follows:

1. I am a Special Agent of the Federal Bureau of Investigation ("FBI"), and have been so employed for four years. I am assigned to the FBI's South Resident Agency Office, where I investigate primarily violent crimes, particularly bank robberies committed in violation of Title 18, United States Code, Section 2113(a).

2. I make this affidavit from personal knowledge based upon my participation in this investigation, reports I have read related to this investigation, conversations I have had with others who have knowledge of the events and circumstances described herein, and interviews of bank employees and witnesses. The information below is provided for the limited purpose of establishing probable cause that on or about February 6, 2006, James Faris ("Faris"), by force, violence and by intimidation, did take from the person and presence of bank employees, approximately $11,793 in United States Currency ("U.S.C.") belonging to and in the care, custody, control, management, and possession of the Founder's Bank, located at 23840 West Eames Road, in Channahon, Illinois, the deposits of which were then insured by the Federal Deposit Insurance Corporation ("FDIC"), in violation of Title 18, United States Code, Section 2113 (a). Because the information set forth below is for the limited purpose of establishing probable cause in support of a criminal complaint, it does not contain all the facts of which I am aware related to this investigation.

3. On February 6, 2006, at approximately 1:00 p.m., Individual A entered Founder's Bank in Channahon, Illinois and approached a teller, asking about a cashier's check. Individual

1

A was wearing dark nylon pants with a thin white stipe down the sides, and bright white running shoes with black trim. Individual A was captured clearly on the bank surveillance cameras, and has been identified by other law enforcement officers familiar with Individual A. Individual A since has admitted that he is the person captured in the photo taken from the surveillance video. The teller told Individual A that cashiers' checks are offered only for customers. Individual A then left the bank.

4. Approximately 15 minutes after Individual A left the bank, Individual A and Faris entered Founder's bank. Individual A was wearing the same clothing he had been wearing during his visit to the bank 15 minutes prior, as well as a hoodie, a ski mask over his face, and gloves. Faris was wearing an Old Navy sweatshirt and gloves, but he had nothing obscuring his face at the time that he entered the bank. With his face clearly visible, Faris walked into the office of a bank employee. He then put up a hood and directed the bank employee into the main bank lobby, where he pushed her onto the floor. Faris then ordered the bank employees to get on the floor.

5. While Faris stood watch over the bank employees, Individual A jumped over the same teller counter that he previously had approached about the cashiers' check. Once Individual A was behind the teller's counter, he took the cash from the teller's drawer. Individual A then jumped the divide into the adjoining teller station, where he took additional cash from the second teller's drawer. In total, Individual A took approximately $11,793 from the two drawers. After Individual A took the money, he and Faris exited the bank.

6. On or about February 22, 2006, law enforcement officers contacted Faris by telephone and told him that they wanted to talk to him about an incident that happened in Channahon.

Faris responded by asking if the officers wanted to talk just with him or also with his cousin, Individual A (even though the officers had not mentioned Individual A).

7. On or about February 23, 2006, law enforcement officers met with Faris at a restaurant and showed him a crime alert flyer, containing photos of Individual A and Faris taken from the video surveillance during the Founder's Bank robbery. Faris looked at the crime alert flyer and stated words to the effect that, "I am not going to give up [Individual A]." Faris also asked if Individual A had provided information about Faris. Faris told the officers that Individual A had taken off when he learned that Faris planned to meet with the officers, but that Faris had not taken off because, "I knew that this day would come." Faris also told the officers that he and Individual A had been smoking a lot of crack lately and that they had been doing whatever it took to get money to buy the crack. Faris further stated words to the effect that he did not feel responsible for the Founder's Bank robbery because, "I am not the one who jumped the counter." Faris further stated words to the effect that he "did not hurt anyone and had been nice to the ladies [in the bank]." Faris asked what kind of deal he could get, and stated words to the effect that he would give up everything if he could get probation. Faris later stated that not would not provide additional information until he had a deal in writing.

8. On or about March 16, 2006, law enforcement agents presented a photo array to the bank employee who had been ordered from her office by Faris. Faris's photograph was contained in the photo array. The bank employee identified Faris as one of the bank robbers, specifically the one who had entered her office and ordered her into the bank lobby, and then ordered the employees to lie down and stay on the floor of the bank lobby.

9. I have obtained Founder's Bank's FDIC number, which confirms that the deposits of Founder's Bank were insured by the FDIC on February 6, 2006.

10. Based on the foregoing facts, Affiant respectfully submits that there is probable cause to believe that, on or about February 6, 2006, James Faris did, by force and violence, and by intimidation, take approximately $11,793 in United States Currency ("U.S.C.") belonging to and in the care, custody, control, management, and possession of the Founder's Bank, located at 23840 West Eames Road, in Channahon, Illinois, Illinois, the deposits of which were then insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113(a).

FURTHER AFFIANT SAYETH NOT.

_____
Brian Wentz, Special Agent
Federal Bureau of Investigation

Subscribed to and sworn before me this 28th day of November, 2007

_____
United States Magistrate Judge Jeffrey Cole

4